IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN HOLMQUIST, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| TYSON FRESH MEATS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff alleges:**

    1. Plaintiff is a resident of Lexington, Dawson County, Nebraska;

    2. Defendant operates a beef processing plant in Lexington, Nebraska and is an Arkansas-based company.

    3. The operative facts in this case took place in Lexington, Dawson County, Nebraska.

    4. That defendant employed the plaintiff at their facility in Lexington, Nebraska where he was employed as a production manager.

    5. That defendant terminated the plaintiff on or about August 21, 2016.

    6. That plaintiff filed a timely charge of discrimination jointly with Nebraska Equal Opportunity Commission (NEOC) and Equal Employment Opportunity Commission (EEOC) based on violations of the Americans with Disabilities Act and the Nebraska Fair Employment Practices Act.

    7. That plaintiff received a right to sue letter from the EEOC dated October 23, 2016 on or about October 26, 2016 and has filed this suit in a timely manner.

    8. That this court has jurisdiction over this claim under both diversity and federal question jurisdiction.

    9. That on or about January 26, 2016 plaintiff stopped working for the defendant to have a L4-L5 PILF spinal fusion.

10. That this procedure evidences an impairment to plaintiff's lumbar spine that effects the major life activities of lifting, carrying as well non-material handling major life activities such as bending and twisting.

11. That plaintiff has a 50 pound permanent lifting restriction as a result of the surgery.

12. That after plaintiff was fully released to go back to work that he was able to perform the essential functions of his written job descriptions with or without a reasonable accommodation.

13. That as a manager, plaintiff's job primary job duties were primarily supervisory.

14. That upon his return from surgery, the defendant increasingly forced the plaintiff to perform heavy duty production jobs

15. That other similarly situated employees to the plaintiff who were not disabled were not forced to heavy duty production jobs as frequently as the plaintiff.

16. That plaintiff was not required to perform production jobs as frequently before his back surgery.

17. That plaintiff asked for reasonable accommodations of re-assignment away from heavy duty production tasks as well as leave to deal with increased pain.

18. That defendant refused to engage with plaintiff's request to engage in an interactive process as described in the previous paragraph.

19. That defendant terminated the plaintiff on August 21, 2016 for his alleged failure to communicate he would not be coming to work.

20. That this reason was pretextual for reasons including but not limited to the fact that that is not true.

**Count 1**

21. That the defendant unlawfully discriminated against the plaintiff on the basis of disability in violation of the Americans with Disabilities Act.

**Count 2**

22. That the defendant failed to reasonably accommodate plaintiff's disability in violation of the Americans with Disabilities Act.

**Count 3**

23. That the defendant retaliated against the plaintiff for requesting a reasonable accommodation for his disability in violation of the Americans with Disabilities Act.

WHEREFORE, Plaintiff asks for a trial by jury to determine the rights and liabilities of the parties and asks for all relief available under law as supported by the facts.

JOHN HOLMQUIST, Plaintiff

REHM, BENNETT & MOORE, P.C., L.L.O.
3701 Union Dr., #200
Lincoln, NE 68516
(402) 420-1400
E-mail: jonrehm@rehmlaw.com

For the firm:  **/s/ Jon Rehm**
                  Jon Rehm, #23097